O

# United States District Court
# Central District of California

| | |
|---|---|
| STACEY WADE-JAMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENZYME CORPORATION, d/b/a SANOFI et al.,<br><br>　　　　　Defendants. | Case № 2:24-cv-01364-ODW (SSCx)<br><br>**ORDER GRANTING MOTION TO DISMISS [25]** |

## I.　　INTRODUCTION

Plaintiff Stacey Wade-James claims that her former employer, Defendant Genzyme Corporation d/b/a Sanofi ("Sanofi"), unlawfully discriminated against her based on her Christian faith when it failed to accommodate her request for exemption from Sanofi's COVID-19 vaccine mandate and terminated her employment. (First Am. Compl. ("FAC") ¶¶ 66–108, ECF No. 23.)  Sanofi moves to dismiss three of Wade-James's causes of action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Motion" or "Mot."), ECF No. 25.)  For the reasons below, the Court **GRANTS** Sanofi's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

From approximately June 2015 to October 2021, Sanofi employed Wade-James to work as a Senior Cardiovascular Representative. (FAC ¶¶ 11, 44.) In August 2021, Sanofi's US Crisis Committee issued a written notice to employees announcing a new policy requiring Wade-James and other similarly situated employees to become vaccinated against COVID-19 by October 4, 2021. (*Id.* ¶ 16.) Wade-James submitted a religious accommodation request to be exempted from the policy. (*Id.* ¶ 25.) In her request, Wade-James informed Sanofi that she believed her body was a "temple of God" and the COVID-19 vaccine was akin to "unclean food" and should not be consumed. (*Id.* ¶ 26.) Sanofi's Associate Director of Employee Relations interviewed Wade-James about her religious accommodation request, asking Wade-James "intrusive questions, such as whether [she] had ever had vaccinations as a child and as an adult." (*Id.* ¶ 28.) In response to requests to provide information or documentation indicating that the COVID-19 vaccine was against Christian beliefs, Wade-James shared biblical scriptures. (*Id.* ¶ 30.) Wade-James perceived that the Associate Director "appeared to reject" Wade-James's biblical scriptures, and understood that to mean that Sanofi was "hostile to her religious beliefs." (*Id.*)

Based on the information Wade-James provided, Sanofi denied Wade-James's accommodation request because it found that she "did not substantiate the existence of a sincerely held religious belief that is in conflict with obtaining a Covid-19 vaccine." (*Id.* ¶ 36.) Sanofi reiterated that Wade-James was required to become vaccinated by October 4, 2021, and that failure to do so would result in her termination effective October 5, 2021. (*Id.* ¶ 38.) Wade-James appealed and, after further review, Sanofi denied the appeal. (*Id.* ¶¶ 41–42.) In the appeal denial, Sanofi again notified Wade-James that she was required to submit proof of vaccination by October 4, 2021, as a condition of continued employment, and that failure to do so would result in

---

[2] All factual references derive from Wade-James's First Amended Complaint, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

termination. (*Id.* ¶ 43.) Thereafter, on October 5, 2021, two of Sanofi's managers and its Human Resources Representatives met with Wade-James to provide notice of her employment termination, which was made effective that day due to failure to comply with Sanofi's vaccine mandate. (*Id.* ¶ 44.) In her exit materials, Wade-James indicated that Sanofi's denial of her religious accommodation request was discriminatory. (*Id.* ¶ 47.)

Wade-James subsequently initiated this action against Sanofi for religious discrimination in violation of California Government and Labor Codes.[3] (Decl. John Ayers-Mann ISO Removal Ex. A ("Compl.") ¶ 1, ECF No. 1-1.) Wade-James alleged eight causes of action, including unlawful religious discrimination, failure to accommodate, failure to prevent discrimination, retaliation, wrongful termination, and failure to timely provide access to employee payroll records. (*Id.* ¶¶ 63–139.) Sanofi moved to dismiss several causes of action. (Mot. Dismiss Compl., ECF No. 10.) The Court granted Sanofi's motion in part, dismissing the first through third causes of action with leave to amend, and the sixth cause of action without leave to amend. (Order re Mot. Dismiss Compl. ("Prior Order") 14, ECF No. 20.) The Court denied the balance of the motion. (*Id.*)

Wade-James timely amended her complaint and now alleges the following five causes of action: (1) unlawful discrimination (Gov't Code § 12490(a)[4]); (2) failure to reasonably accommodate (Gov't Code § 12490(*l*)); (3) failure to prevent discrimination (Gov't Code § 12940(k)); (4) failure to timely provide access to employee payroll records (Lab. Code § 226); and (5) unfair business practices (Bus. & Prof. Code § 17200). (*Id*. ¶¶ 66–114, 133–37.[5]) Sanofi moves to dismiss Wade-James's first three causes of action pursuant to Rule 12(b)(6) for failure to state a claim. (*See generally* Mot.) The Motion is fully briefed. (Opp'n, ECF No. 26; Reply, ECF No. 27.)

---

[3] Unless otherwise noted, all further references are to California codes.
[4] These Government Code sections are part of the Fair Employment and Housing Act ("FEHA").
[5] The First Amended Complaint does not include paragraphs numbered 115 through 132.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

IV. **DISCUSSION**

The Court previously dismissed Wade-James's causes of action for disparate treatment and failure to accommodate because Wade-James failed to allege facts sufficient to show religious discrimination. (Prior Order 8–12.) Wade-James reasserts these causes of action, again alleging that Sanofi discriminated against her based on her Christian faith when it denied her accommodation request and terminated her employment. (FAC ¶¶ 66–96.[6]) Sanofi argues that Wade-James fails to cure the prior deficiencies and again does not sufficiently allege religious discrimination, which is a required component for her first three causes of action. (Mot. 5; Reply 2–6.)

The Ninth Circuit has recognized that a claim for religious discrimination may "be asserted under several different theories, including disparate treatment and failure to accommodate." *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).[7] In claiming that Sanofi discriminated against her based on her religious beliefs, Wade-James relies on both of these theories. (*See* FAC ¶¶ 66–76 (asserting first cause of action for religious discrimination based on disparate treatment), 77–96 (asserting second cause of action for failure to accommodate religious belief).)

**A.   Discrimination based on Disparate Treatment (First Cause of Action)**

Under FEHA, it is unlawful for an employer to discharge an individual from employment or discriminate against them "because of . . . religious creed." Gov't Code § 12940(a). To sufficiently allege religious discrimination under a theory of disparate treatment, a plaintiff must show that: (1) she was a "member of a protected class,"

---

[6] In the First Amended Complaint, in two paragraphs, Wade-James mentions her race as a potential additional basis for unlawful discrimination. (FAC ¶¶ 67, 72.) However, neither conclusory reference supports a plausible inference of discrimination based on race. As every other allegation in the First Amended Complaint is directed at religious discrimination, the Court focuses its analyses there.

[7] Although *Peterson* addressed religious discrimination in the context of Title VII of the Civil Rights Act of 1963, California courts look to Title VII and similar statutes when analyzing claims under FEHA. *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011) ("In light of the similarities between FEHA and Title VII, courts routinely rely on both California and federal case law."); *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 n.4 (9th Cir. 2001) ("We may look to federal authority regarding Title VII and similar civil rights statutes when interpreting analogous statutory provisions of FEHA.").

(2) she was "qualified" for her position, (3) she experienced an "adverse employment action," and (4) "similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson*, 358 F.3d at 603.

Wade-James "need not plead facts constituting all elements" of a prima facie discrimination case to survive a Rule 12(b)(6) motion. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015) (citing *Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012)). Still, courts "look to those elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.*; *see Richards v. City of Citrus Heights*, No. 2:20-cv-02159-KJM-JDP, 2022 WL 866164, at *3 (E.D. Cal. Mar. 23, 2022) ("The Ninth Circuit has also held that a complaint's factual allegations must permit a 'plausible' inference that the plaintiff could establish a prima facie case of discrimination at trial.").

The Court previously found that Wade-James failed to plead her first cause of action for unlawful discrimination because she did not sufficiently allege the second through fourth *Peterson* elements. (Prior Order 8–11.) In her First Amended Complaint, Wade-James reasserts her first cause of action for religious discrimination based on disparate treatment. (FAC ¶¶ 66–76.) Sanofi argues that Wade-James's first cause of action should be dismissed because she fails to cure the previously identified deficiencies. (Mot. 7.) Specifically, Sanofi contends that Wade-James was not qualified for her position at the time of termination and fails to identify similarly situated employees outside of her alleged protected class who were treated more favorably. (*Id.* at 7–10.) The Court agrees with Sanofi that Wade-James fails to sufficiently allege that similarly situated employees outside of her protected class were treated more fairly than her. She also fails to show that other circumstances surrounding the adverse employment actions plausibly suggest a discriminatory motive.

The fourth element of a FEHA claim for unlawful discrimination based on disparate treatment requires a plaintiff to show that the employer acted with a discriminatory motive. *Nguyen v. Adams & Assocs., Inc.*, No. 2:16-cv-00292-TLN-KJN, 2018 WL 3913805, at *3 (E.D. Cal. Aug. 14, 2018), *aff'd*, 817 F. App'x 514 (9th Cir. 2020). A plaintiff may do this by showing that similarly situated employees outside of her protected class "were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson*, 358 F.3d at 603.

Wade-James alleges that Sanofi approved religious accommodation requests from a "group of employees" in Oncology even though their requests contained identical language. (FAC ¶ 54; Opp'n 5, 8.) She also alleges that Sanofi approved a religious accommodation request from a Christian female employee that was "nearly identical" to Wade-James's. (FAC ¶ 55; Opp'n 5.) However, Wade-James does not allege how these employees were similarly situated to her or that they were outside her protected class; indeed, the Christian female employee is within her protected class as a Christian. These allegations are insufficient to show disparate treatment. *See Dunbar v. Twentieth Century Fox Television*, No. 2:22-cv-01075-DMG (JCx), 2024 WL 2107712, at *11 (C.D. Cal. Mar. 8, 2024) (on summary judgment, finding disparate treatment claim failed where plaintiff did not show other similarly situated individuals outside plaintiff's protected class were treated more favorably). Wade-James also argues that other circumstances give rise to an inference of Sanofi's discriminatory motive because Sanofi's "intrusive" questioning shows that it was "hostile to her religious beliefs." (FAC ¶¶ 28–30; Opp'n 5.) However, courts have rejected that such conclusory allegations support finding discriminatory motive, especially where the employer's questions sought clarification of the employee's accommodation request. *See Weiss v. Permanente Med. Grp., Inc.* 738 F. Supp. 3d 1217, 1224 (N.D. Cal. 2024) ("The follow up questions were designed to ensure [defendant's] compliance with the law and were not, as [plaintiff] suggests, unduly intrusive.").

In sum, Wade-James's allegations do not give rise to a plausible inference that Sanofi acted with a motive to discriminate against her religion when it denied Wade-James's accommodation request and terminated her employment. *See Nguyen*, 2018 WL 3913805, at *3–4 (finding plaintiff's conclusory allegations of disparate treatment insufficient where plaintiff did not provide any plausible support for discriminatory motive). Accordingly, the Court **GRANTS** Sanofi's Motion and **DISMISSES** Wade-James's first cause of action. The Court previously granted Wade-James leave to amend to cure this same deficiency, and she fails to do so. As such, the Court finds further amendment would be futile and declines to grant leave to amend again.

### B. Failure to Reasonably Accommodate (Second Cause of Action)

FEHA requires "employers to accommodate [an employee's] religious beliefs unless doing so would impose an undue hardship." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023) (citing Gov't Code § 12940(*l*)(1)). "To establish religious discrimination on the basis of a failure-to-reasonably-accommodate theory," a plaintiff must show that (1) "[s]he had a bona fide religious belief, the practice of which conflicts with an employment duty"; (2) "[she] informed [her] employer of the belief and conflict"; and (3) "the employer discharged, threatened, or otherwise subjected [her] to an adverse employment action because of [her] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606 (citing *Heller v. EBB Auto. Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)). "An employee seeking an accommodation need only provide 'enough information . . . to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements.'" *Weiss*, 738 F. Supp. 3d at 1223 (alteration in original) (quoting *Heller*, 8 F.3d at 1439).

The Court previously dismissed Wade-James's second cause of action for failure to accommodate because she failed to allege facts showing that she informed Sanofi of a conflict between her religious beliefs as a Christian and Sanofi's vaccination policy.

(Prior Order 11–12.) In her First Amended Complaint, Wade-James again alleges that Sanofi failed to reasonably accommodate her religion when it denied her exemption request. (FAC ¶¶ 77–96.) Sanofi argues that Wade-James once more fails to articulate a conflict between her religious beliefs and Sanofi's vaccination policy or that she adequately communicated that conflict to Sanofi. (Mot. 10–12; Reply 4–5.)

Wade-James alleges that she informed Sanofi in her religious accommodation request that she could not take the vaccine because "her body was a 'Temple of God,' and the COVID-19 vaccine . . . was akin to 'unclean food' that should not be consumed." (FAC ¶ 26.) The Court previously rejected this same allegation in Wade-James's initial complaint, and it remains insufficient. (Prior Order 12.) Elsewhere in the First Amended Complaint, Wade-James expands on her sincerely held religious beliefs, alleging that she "prayed to God and consulted Scripture to decide whether she should be vaccinated"; "[r]eceiving the COVID-19 vaccine would violate the trust she is required to have in the healing power of God"; the "vaccine has been turned into an idol," which she may not worship; and the vaccine is a substance "that might 'defile' the body." (FAC ¶ 23.) Even if the Court found these allegations sufficient to show a conflict with Sanofi's vaccination policy, nowhere does Wade-James allege that she *informed* Sanofi of these additional bases for a potential conflict. (*See generally* FAC.) Her opposition similarly lacks any such assertion. (*See generally* Opp'n 8–9.)

Thus, Wade-James again fails to sufficiently allege that she held a bona fide religious belief, the practice of which conflicts with an employment duty, and that she informed her employer of the belief and the conflict. *See Weiss*, 738 F. Supp. 3d at 1221, 1223 (dismissing failure to accommodate claim where plaintiff informed employer only that her body was a temple of God and her religion prohibited the introduction of foreign substances such as the COVID-19 vaccine); *Coates v. Legacy Health*, No. 3:23-cv-00931-JR, 2024 WL 1181827, at *5–6 (D. Or. Jan. 8, 2024) (dismissing failure to accommodate claim where plaintiff stated on exemption request

that plaintiff's "body is temple of the Holy Spirit who lives inside [them]," but did not identify any conflicting religious tenet or teaching). Thus, Wade-James's claim that Sanofi did not reasonably accommodate her religion fails.

Accordingly, the Court **GRANTS** Sanofi's Motion and **DISMISSES** Wade-James's second cause of action. As the Court previously granted Wade-James leave to amend this claim to cure this same deficiency, and she fails to do so, dismissal is without leave to amend.

### C.     Failure to Prevent Discrimination (Third Cause of Action)

FEHA also makes it unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov't Code § 12940(k). A claim for failure to prevent discrimination is "'dependent on a claim of actual' discrimination and harassment." *Canale v. AutoZone, Inc.*, No. 2:24-cv-03295-CSK, 2025 WL 104778, at *5 (E.D. Cal. Jan. 15, 2025) (quoting *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1315 (2015)). "Indeed, an employee cannot seek to hold an employer liable for failing to prevent discrimination that did not happen." *Weiss*, 738 F. Supp. 3d at 1225 (citing *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 284 (1998)).

Wade-James's third cause of action for failure to prevent discrimination is derivative of her first two religious discrimination causes of action. *Weiss*, 738 F. Supp. 3d at 1225; *see Achal*, 114 F. Supp. 3d at 804 ("[A] failure to prevent discrimination claim is essentially derivative of a discrimination claim."). As she fails to adequately plead religious discrimination, she necessarily also fails to plead this derivative cause of action. Accordingly, the Court **GRANTS** Sanofi's Motion and **DISMISSES** Wade-James's third cause of action. For the same reasons stated above, this dismissal is also without leave to amend.

### V.     CONCLUSION

For the reasons discussed above, the Court **GRANTS** Sanofi's Motion to dismiss Wade-James's first, second, and third causes of action **WITHOUT LEAVE TO**

**AMEND.** (ECF No. 25.) Sanofi shall answer Wade-James's First Amended Complaint as to the remaining fourth and fifth causes of action **within twenty-one days** of the date of this order

**IT IS SO ORDERED.**

February 7, 2025

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**OTIS D. WRIGHT, II**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**